# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 12-108 |
| | ) | |
| JILL E. D'ANGELO, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons that follow, Defendant's "Motion to Amend" (Doc. 21) will be denied.

In this case, Defendant pled guilty pursuant to a plea agreement. In her plea agreement, Defendant expressly "agree[d] to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program ['IFRP'], through which 50% of her prison salary [would] be applied to pay . . . restitution." *See* plea agreement at ¶ A(5). Her agreement notwithstanding, and over five months after the Court entered final judgment regarding her sentence, Defendant now seeks to have her restitution payments through the IFRP reduced. *See* Doc. 21 at pg. 1 of 3.

In support of her request, Defendant cites financial hardships endured by her children, two of which are adults (ages 23 and 24) and one of which is nearing adulthood (age 16), as a result of Defendant's crimes and the punishment thereof. *See id.* at pg. 3 of 3. Defendant, however, has failed to identify circumstances that are any different from those known to her, and considered by the Court, at the time of sentencing. Nor has Defendant explained how a reduction of her IFRP payments, currently set at 50% of her prison salary, would meaningfully diminish the financial burdens suffered by her family, outside of prison, as a result of her crimes.

In sum, Defendant's request appears both unsupported by her circumstances and inconsistent with the factors informing her original sentence, namely, the seriousness of her offenses, the need for just punishment and her victims' interests in recompense.

Even were her circumstances more worthy of sympathy, Defendant has failed to identify any procedural mechanism through which she properly may obtain from this Court the relief requested. In U.S. v. Savage, the Court of Appeals for the Third Circuit rejected a similar request under a materially identical procedural posture. *See id.*, 2012 WL 666207 (3d Cir. Mar. 1, 2012). On behalf of the *pro se* defendant, the Court identified three potential avenues of relief: (1) a request to modify the restitution payment schedule ordered by the District Court, under 18 U.S.C. § 3664(k); (2) a request to modify the restitution payment schedule instituted through the IFRP, under 28 U.S.C. § 2241; and (3) a challenge to the overall validity of the district court's restitution order, an argument that only could be raised on direct appeal. *See id.* at *1-2.

As in Savage, Defendant fails under theory (1) to demonstrate "any material change in [her] economic circumstances that might affect [her] ability to pay restitution." *See id.* at *1 (quoting Section 3664(k)). To the contrary, Defendant's Motion identifies circumstances that were evident to both her and the Court at the time of sentencing. *See* discussion *supra*.

Under theory (2), the proper vehicle for Defendant to challenge her IFRP payment schedule, if any, is a petition under Section 2241 in the district in which her sentence is being carried out. *See* Savage at *2 (holding same); *see also* Def.'s Mot. at pg. 3 of 3 (Defendant is incarcerated in FPC Alderson, West Virginia).[1]

---

[1] In the "boilerplate" portion of her Motion, Defendant alludes to a non-binding decision holding that a district court cannot mandate participation in the IFRP, because the program is voluntary. *See* Def.'s Mot. at pg. 1 of 3 (citing U.S. v. Munoz, 610 F.3d 989, 997 (7th Cir. 2010)); *see also*

Finally, under theory (3), if Defendant wished to challenge the overall validity of the Court's restitution order, the proper course was for her to raise it on direct appeal. *See* Savage at *2 (holding same). The time for a direct appeal has long expired, *see* Fed. R. App. P. 4(b), one was not filed, and her request for a reduction in restitution payments is unfounded.[2]

Defendant's Motion (**Doc. 21**) fails both procedurally and on the merits, and for each of these reasons independently, it is **DENIED**.

IT IS SO ORDERED.


April 18, 2013                                     s\Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via First-Class U.S. Mail):

Jill D'Angelo
33555 068 B-1
Federal Prison Camp
P.O. Box A
Alderson, WV  24910


cc (via ECF email notification):

All Counsel of Record

---

Munoz (modifying district court's judgment to clarify that participation in IFRP was voluntary, and affirming judgment, as modified, without remand). Even assuming Munoz applies, it is inapposite, because, in this case, Defendant's obligation to participate in the IFRP flows from her plea agreement. *See* discussion *supra* at 1.

[2] In Savage, the Court found it "highly doubtful" that the defendant properly could challenge a restitution order under 28 U.S.C. § 2255. *See id*. This Court has no basis for concluding otherwise, and, in any event, Defendant has waived her appellate rights as well as her rights under Section 2255. *See* plea agreement at ¶ A(7); *see also generally* U.S. v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008) (recognizing enforceability of 2255-waivers that are knowingly and voluntarily entered).